

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JUDITH HENSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:16-CV-298-A |
| | § | |
| KROGER TEXAS, L.P., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendant, Kroger Texas, L.P., for summary judgment. The court, having considered the motion, the response of plaintiff, Judith Henson, the reply, the record, the summary judgment evidence, and applicable authorities, finds that the motion should be granted.

I.

Plaintiff's Claims

Plaintiff's operative pleading is her amended complaint filed June 21, 2016. Doc.[1] 12. In it, she alleges that on August 30, 2014, while shopping at defendant's premises in the aisle where defendant stocks and displays dog food that is packaged in four and eight pound bags, she was injured when an eight pound bag of dog food fell on her. Specifically:

> 3.3 Defendant's employees stacked large eight (8) lb. bags of dog food on top of the four (4) lb. bags on the highest shelf in the aisle.

---

[1] The "Doc. __" reference is to the number of the item on the docket in this action.

> 3.4 Unbeknownst to Plaintiff, she attempted to remove a four (4) lb. bag, but was injured when an eight (8) lb. bag that was stacked on top of the four (4) lb. bag struck the left side of her body.

Doc. 12 at 2. Plaintiff asserts a premises liability claim, seeking to recover for injuries allegedly sustained when an eight pound bag of dog food fell on her. Doc. 12 at 3-4.

II.

Grounds of the Motion

Defendant says that it is entitled to judgment because plaintiff can produce no evidence of an unreasonably dangerous premises condition about which defendant had actual or constructive notice. And, in the event plaintiff is asserting a claim based on an unreasonably dangerous premises defect, plaintiff cannot prevail because such defect was open and obvious and/or actually known to plaintiff and defendant owed her no duty to warn or to protect her from such defect.

III.

Applicable Summary Judgment Principles

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment on a claim or defense if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The movant bears the initial burden of pointing out to

2

the court that there is no genuine dispute as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986). The movant can discharge this burden by pointing out the absence of evidence supporting one or more essential elements of the nonmoving party's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323. Once the movant has carried its burden under Rule 56(a), the nonmoving party must identify evidence in the record that creates a genuine dispute as to each of the challenged elements of its case. Id. at 324; see also Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ."). If the evidence identified could not lead a rational trier of fact to find in favor of the nonmoving party as to each essential element of the nonmoving party's case, there is no genuine dispute for trial and summary judgment is appropriate. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 597 (1986). In Mississippi Prot. & Advocacy Sys. v. Cotten, the Fifth Circuit explained:

> Where the record, including affidavits, interrogatories, admissions, and depositions could not, as a whole, lead a rational trier of fact to find for the nonmoving party, there is no issue for trial.

929 F.2d 1054, 1058 (5th Cir. 1991).

The standard for granting a motion for summary judgment is the same as the standard for rendering judgment as a matter of law.[2] Celotex Corp., 477 U.S. at 323. If the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. Matsushita, 475 U.S. at 597; see also Mississippi Prot. & Advocacy Sys., 929 F.2d at 1058.

IV.

Analysis

This is a diversity case in which Texas law applies. Cleere Drilling Co. v. Dominion Exploration & Prod., Inc., 351 F.3d 642, 646 (5th Cir. 2003). In Texas, an owner/occupier owes a duty to use reasonable care to make and keep its premises safe for business invitees. Clayton Williams, Jr., Inc. v. Olivo, 952 S.W.2d 523, 527 (Tex. 1997). The elements of a cause of action for premises liability are: (1) existence of a condition of the premises creating an unreasonable risk of harm; (2) the owner/occupier knew or should have known of the existence of the condition; (3) the owner/occupier failed to use reasonable care to reduce or eliminate the risk by rectifying or warning of the

---

[2] In Boeing Co. v. Shipman, 411 F.2d 365, 374-75 (5th Cir. 1969) (en banc), the Fifth Circuit explained the standard to be applied in determining whether the court should enter judgment on motions for directed verdict or for judgment notwithstanding the verdict.

4

condition; and (4) such failure was a proximate cause of plaintiff's injury. CMG Homes, Inc. v. Daenen, 15 S.W.3d 97, 99 (Tex. 2000); Keetch v. Kroger Co., 845 S.W.2d 262, 264 (Tex. 1992). An owner/occupier is not an insurer of the safety of its guests; it is not liable to invitees for conditions of which it did not have actual or constructive knowledge. Wal-Mart Stores, Inc. v. Reece, 81 S.W.3d 812, 814 (Tex. 2002).

To prevail on the notice element of her claim, plaintiff must show that:(1) defendant actually created the condition; (2) defendant actually knew that the condition existed; or (3) it is more likely than not that the condition existed long enough to give defendant reasonable notice of it. Reece, 81 S.W.3d at 814. Further, the proximity of an employee to the location where the incident occurred merely indicates that it was possible for the owner/occupier to discover the condition, not that it reasonably should have discovered the condition. There must be temporal evidence of the amount of time that the condition had existed. Id. at 816-17.

Here, as defendant points out, plaintiff cannot, and has not, produced any evidence to show that defendant knew or should have known of an unreasonably dangerous condition. A condition is not unreasonably dangerous just because it is not foolproof, e.g., that something more could have been done to prevent

5

something falling off a shelf and striking a customer is not evidence of unreasonable danger. Brookshire Grocery Co. v. Taylor, 222 S.W.3d 406, 408 (Tex. 2006). Plaintiff has not come forward with any evidence that the condition was actually unreasonably dangerous or that defendant knew of the condition. She has no temporal evidence of how long the condition existed. Reece, 81 S.W.3d 812, 816 (Tex. 2002); Keetch, 845 S.W.2d at 265. Nor is there any evidence that the overlapping condition of the bags of dog food was caused by defendant and not other customers.[3]

To the extent that plaintiff is treating the overlapping placement of the bags of dog food as a premises condition, defendant contends that such condition was open and obvious to plaintiff or actually made known to her. Austin v. Kroger Texas, L.P., 465 S.W.3d 193, 203-04 (Tex. 2015). A landowner's duty is to warn against concealed, unreasonably dangerous conditions. Id. Here, plaintiff admitted in response to requests for admission that she did not seek assistance in removing the four pound bag from the shelf. Doc. 22 at 33. She testified that she saw the way the bags were stacked-the heavier bags overlapping the lighter

---

[3]The court notes that the summary judgment evidence establishes that plaintiff cannot prove the case she has pleaded. Her amended complaint says that defendant "stacked large eight (8) lb. bags of dog food on top of the four (4) lb. bags." Doc. 12 at 2, ¶ 3.3. However, plaintiff testified that the bags were standing up and that the bag that fell was next to (not on top of) the bag she took. Doc. 22 at 11-12. Specifically, the bags were stacked as close as they could be together. Doc. 22 at 14.

6

bags--and that when she reached up to get the four pound bag, she felt that it was stuck between two other bags and she had to tug on it to get it free. Doc. 22 at 14-15, 17. (As noted, infra, plaintiff's affidavit, now claiming that she did not know that the bags were so closely shelved, Doc. 25 at 7, directly contradicts this testimony and will not be considered.)

In her summary judgment response, plaintiff relies on a case, Univ. of Tex. at Austin v. Hayes, 279 S.W.3d 877 (Tex. App.-Austin 2009), that was reversed by the Texas Supreme Court. 327 S.W.3d 113 (Tex. 2010). In reversing the appellate court, the Supreme Court pointed out that showing what a defendant typically does or how it wrote up an incident report after an accident is no evidence of defendant's actual knowledge of the condition of the premises at the time of the accident. 327 S.W.3d at 117-18. And, the fact that the plaintiff cannot show defendant received reports of prior injuries or of the potential danger caused by the condition is a factor to consider. Id. at 118. If there is no evidence of actual knowledge of a dangerous condition at the time of the accident, the plaintiff fails to establish a premises defect claim. Id. Such are the facts in this case.

Here, plaintiff is not only relying on an after-action report, she attempts to change the facts established by her own admissions and testimony by stating in her affidavit that the

store manager admitted that the stacking of "heavy" bags created a dangerous condition. Doc. 25 at 7-8. Neither plaintiff's discovery responses nor her deposition testimony had disclosed any conversation with the store manager about the possibility of dog food bags falling and injuring customers.[4] And, plaintiff controverts her own admissions and testimony that she could see as well as feel that the bags were closely stacked in an overlapping manner. Doc. 25 at 7. As defendant notes, the court will not consider an affidavit or declaration that contradicts without explanation prior sworn testimony. S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 495 (5th Cir. 1996); Powell v. Dallas Morning News, L.P., 776 F. Supp. 2d 240, 246-47 (N.D. Tex. 2011), aff'd, 486 F. App'x 469 (5th Cir. 2012).

For the reasons discussed, plaintiff has not presented sufficient summary judgment evidence to raise a genuine fact issue for trial and defendant is entitled to judgment as a matter of law.

V.

Order

---

[4] Even had such a conversation occurred, it would not be sufficient to raise a genuine fact issue for trial in this case. Plaintiff admits that the manager on duty the day of the accident told plaintiff that he was filling in for the regular store manager. Doc. 22 at 24. There is no evidence to show when or to whom the alleged instructions not to put heavy items on the top shelf were given. It is just as likely that the manager was speaking of his experience at another store. Evidence that creates only surmise or suspicion is in effect no legal evidence. Seideneck v. Cal Bayreuther Assocs., 451 S.W.2d 752, 755 (Tex. 1970).

8

The court ORDERS that defendant's motion for summary judgment be, and is hereby, granted; that plaintiff take nothing on her claims against defendant; and that such claims be, and are hereby, dismissed.

SIGNED May 16, 2017.

_____
JOHN MCBRYDE
United States District Judge